(126 So. 665)

**SOUTHLANDS, Inc., v. THOMAS.**

No. 29909.

Feb. 3, 1930.

Rehearing Denied March 5, 1930.

Borah, Himel & Bloch, of New Orleans, for appellant.

Walter W. Wright, of New Orleans, for appellee.

LAND, J.

Southlands, Inc., as the exclusive agent of defendant has instituted the present suit to recover the sum of $24,500 as commissions alleged to be due by defendant in several real estate transactions.

From a judgment of nonsuit in the lower court plaintiff has appealed.

It appears from the evidence in the case that Southlands, Inc., and C. W. Harris of New Orleans, La., and A. P. Sides of Gulfport, Miss., represented the defendant, C. J. Thomas, in the sale to him from Harrison et al. of the Hotel Hattiesburg, located at Hattiesburg, Miss. These agents were to receive a commission of $10,500 for this sale, to be divided into three equal parts. Later, the defendant executed three promissory notes of $3,500 each, and the plaintiff, as the holder of one of these notes, has brought suit on this note as part of the commissions claimed in this case.

Plaintiff's suit as to the $3,500 commission was properly dismissed as of nonsuit, under defendant's plea of prematurity, as the note was not due at the time the present suit was instituted, October 24, 1928, and did not mature until August, 1929.

Plaintiff relies, for the recovery of the commissions claimed in this case, upon two contracts, the first of date March 17, 1928, and the second a supplemental contract, of date April 10, 1928.

In the original contract of March 17, 1928, defendant agreed to pay plaintiff, as his exclusive agent for the sale of the Hattiesburg Hotel, a commission of 4 per cent. on the price of $350,000, or on any other price thereafter agreed upon in any agreement to sell or exchange, bearing on the property.

In the supplemental agreement of April 10, 1928, the commission is fixed at 4 per cent. on a price of $310,000 or better. Defendant also stipulated in this supplemental agreement that he would pay a. commission of $6,000 to Southlands, Inc., and to A. P. Sides and C. W. Harris, in the proportion of $2,000 each, if a price for the hotel exceeding $310,000 was secured. This commission was to be paid out of the first $6,000 of the excess.

On October 3, 1928, C. J. Thomas transferred to Mrs. John D. Nix, Jr., of the city of New Orleans, "for the sum of ten dollars and other valuable considerations," the Hotel Hattiesburg, with all fixtures, furniture, machinery, and appliances, and the plot of ground upon which the hotel is situated in Hattiesburg, Miss.

Plaintiff alleges in its petition that the full consideration paid for the hotel by Mrs. Nix was the sum of $475,000; and claims a commission of 4 per cent. on this price, amounting to $19,000.

Defendant denies that he is indebted to plaintiff in any sum whatsoever, and sets up the defense that the Hotel Hattiesburg was not transferred to Mrs. Nix for a cash consideration, but in exchange for the Carol Hotel and Antoinette Apartments in the city of New Orleans.

This defense is of no avail to defendant, for the reason that it is expressly stated in the original contract of March 17, 1928, that a commission of 4 per cent. shall be paid "on the gross amount of *any agreement* to sell or *exchange* (or rent) bearing on said property."

The original agreement was not changed in this respect by the supplemental agreement of April 10, 1928, since the latter agreement affected only the price at which *the sale* was to be made, and it is expressly stated therein that "this supplemental contract is to run concurrently with the contract now in force with Southlands Inc.," referring to the original agreement of March 17, 1928.

If plaintiff can establish with reasonable certainty "the gross amount of *any agreement* to sell or *exchange*" the Hattiesburg Hotel to Mrs. Nix, entered into by the parties, there can be no legal impediment to plaintiff's recovery, under the particular defense made.

Plaintiff must prove *"an agreement"* between defendant and Mrs. Nix "to sell or exchange" the hotel. Plaintiff cannot resort to market values for such purpose, as this is not the contract between the parties.

Defendant testified that he traded the Hattiesburg Hotel property for the Carol Hotel and Antoinette Apartments, "equity for equity," and that *there was no stipulated price* put on the equity.

The estimate of defendant or of other witnesses as to the market value of the respec-

tive properties is very far from being "the gross amount of *any agreement* to sell or exchange" these properties in the transfer from defendant to Mrs. Nix. The same is true as to the different prices at which defendant offered the Hattiesburg Hotel for sale through his various agents.

John Nix and Leo J. Brownson, who was connected with Mr. Nix in the deal, negotiated the transfer of the Hattiesburg Hotel, owned by defendant, to Mrs. John D. Nix, Jr.

It is made clear, from Mr. Brownson's testimony on direct examination, that the Hattiesburg Hotel was *"traded"* for the Carol Hotel and Antoinette Apartments, and that the *"trading"* price was fixed by Thomas only at $415,000 for the hotel. The witness states very candidly, " * * * But what Mr. Thomas would take *in cash* was problematical, but this was *a trade."*

On cross-examination, Mr. Brownson answered as follows:

"As far as the Carol Hotel and Antoinette Apartments were concerned, it was a trade for the Hattiesburg Hotel, with the existing encumbrances that were against the Hotel Hattiesburg.

"By the Court: Q. The mortgages on the Hattiesburg Hotel amounted to $240,000, and the two mortgages on the property here, the Carol Hotel and Antoinette Apartments, figured up to $240,000?

"A. Yes, sir.

"Q. They balanced each other?

"A. Yes, sir.

"Q. And each took the property with mortgages resting thereon?

"A. Yes, sir."

Mr. Brownson does not pretend to testify that Mrs. Nix accepted defendant's trading price of $415,000, as the basis of the transfer of the hotel property to her.

Under the contract in the case, defendant's individual trading price cannot be accepted either as a cash price or as value of the equity in the respective properties. Manifestly, this price is not the gross amount of any agreement between the parties for the sale or exchange of the properties, and it is only upon this basis that plaintiff can recover.

Only one witness swore that the item of $6,000 was in lieu of the furniture which plaintiff and Sides and Harris were to receive as part of their commission for the sale of the Hattiesburg Hotel to C. J. Thomas, the defendant. Mr. Thomas denied this statement on the witness stand, and testified that he refused to purchase the hotel without the furniture. This agreement was made.

We agree with the trial judge that plaintiff has failed to make out its case with reasonable legal certainty.

The nature of the judgment rendered in the lower court indicates that the defense that the contracts sued upon had been dissolved by mutual consent was not considered and passed upon by the trial judge. Nor do we pass upon this issue in deciding the case, since defendant, appellee, has failed to answer the appeal and to ask for any amendment of the judgment of the lower court so as to reject any part of plaintiff's demand.

Judgment affirmed.